UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| DONALD SCOTT JONES, | ) | C/A No.: 4:15-cv-1401-BHH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| JOSEPH MCFADDEN, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Donald Scott Jones, appearing *pro se*, filed this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 on March 30, 2015.[1] Respondent filed a

return, motion for summary judgment, and memorandum in support on June 15, 2015.

(Docs. #10 & #11). The undersigned issued an order filed June 16, 2015, pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion

for summary judgment procedure and the possible consequences if he failed to

respond adequately. (Doc. #12). Petitioner filed a response in opposition to the

motion for summary judgment on July 24, 2015. (Doc. #17). Respondent filed a

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the District Judge.

reply to the response on August 3, 2015.  (Doc. #18).

## PROCEDURAL HISTORY

Petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to an order of commitment from the Cherokee County Clerk of Court.  Petitioner was indicted by the Cherokee County Grand Jury during the August 2009 term of the Cherokee County Court of General Sessions for assault and battery with intent to kill (ABWIK) (2009-GS-11-0924). (App. 318-19).  Petitioner was represented by Thomas Shealy, Assistant Public Defender.  (App. 1).  The State was represented by Kimberly L. Leskanic, Assistant Solicitor.  Id.  Petitioner proceeded to trial on September 14, 2009, before the Honorable J. Mark Hayes, II, Circuit Court Judge.  Id.  The jury found Petitioner guilty as charged and the trial judge sentenced Petitioner to twenty years' imprisonment, suspended to the service of twelve years' imprisonment and five years' probation.  (App. 242, 250).

### Direct Appeal

On September 21, 2009, trial counsel filed a notice of appeal in the South Carolina Court of Appeals.  (Attachment No. 2).  On May 24, 2010, Petitioner filed his final brief in the Court of Appeals, raising the following issue, quoted verbatim: "Whether trial court erred in refusing to give a jury instruction on the defense of

others when there was evidence to support the charge?" (Attachment No. 3). The Court of Appeals filed a per curiam opinion on June 13, 2011, affirming Petitioner's convictions and sentences, and issued a Remittitur on June 29, 2011. (Attachment Nos. 5-6).

**PCR**

On February 13, 2012, Petitioner filed an application for post-conviction relief (PCR) (2012-CP-11-0111), asserting a claim of ineffective assistance of trial counsel for failing to investigate. (App. 253, 256). The State filed a return to the PCR application on November 30, 2012. (App. 261-63).

An evidentiary hearing was held on October 4, 2013, before the Honorable J. Derham Cole, Circuit Court Judge. (App. 265). Petitioner was present and represented by Alexander Hray, Jr., Esquire. Id. The State was represented by Suzanne H. White, Assistant Attorney General. Id.

At the PCR evidentiary hearing, counsel for Petitioner informed the court that there were three issues being raised for review. PCR counsel stated that the three issues they were presenting as ineffective assistance of trial counsel were as follows: failure to make a motion to quash the indictment, failure to properly investigate by interviewing key witnesses in the case prior to going to trial, and failure to motion for a change of venue due to trial publicity in another case involving Petitioner that

occurred in May of 2009. (App. 269). On February 24, 2014, the PCR judge issued

an order of dismissal.  (App. 309).

## PCR Appeal

Petitioner served a notice of appeal from the PCR judge's order of dismissal on

March 26, 2010.  (Attachment No. 7).  On appeal, Petitioner was represented by Lara

M. Caudy, Appellate Defender, South Carolina Commission on Indigent Defense,

Division of Appellate Defense.  (Attachment No. 8).  Appellate PCR counsel filed a

Johnson[2] petition for a writ of certiorari, asking to be relieved as counsel, and raising

the following issue, quoted verbatim:

> "Whether Petitioner's Sixth and Fourteenth Amendment
> rights to the effective assistance of counsel were violated
> when trial counsel failed to investigate and interview a key
> eyewitness, Tammy Byars, before trial since if trial counsel
> would have properly investigated Byars and learned what
> she planned to testify about at trial Petitioner would not
> have proceeded to trial but instead would have accepted the
> solicitor's twenty year plea offer and pled guilty to this
> charge and other unrelated charges pending against him?"

(Id.).

Petitioner filed a *pro se* response in which he raised the following issues, quoted

verbatim:

Whether petitioner's due process and Sixth Amendment right was

_____

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

violated when trial counsel failed to motion for a fast and speedy trial?

Whether the fact that the state took over (3) three years to give petitioner a trial violates Federal Rules of Criminal Procedure and other Federal statutes that protect defendants from undue post accusation delay?

Whether Petitioner's Sixth and fourteenth Amendment rights to the effective assistance of counsel were violated when trial council failed to investigate the direct indictment of assault and battery with intent to kill that was inhanced from an indictment of assault and battery with high and aggravated nature, that was (2) two years and (11) eleven months old, to validate and find motive for inhansement, The facts of the case had not changed at all,

Whether petitioner Sixth and fourteenth Amendment rights were violated when trial counsel failed to prepare an adequate defense with a clear and proper strategy during the (3) three year delay and performing an ineffective assistance toward the case.

Whether petitioner's due process was violated when trial counsel failed to test or have any concern of publicity of the case that arose during (3) three year delay of trial.  We must remember that there were charges brought up against petitioner of assault and battery with intent to kill, and CSC by petitioner's vindictive aunt, 4 months before this trial. And this issue is brought up in PCR proceeding.

Whether petitioner's due process right was violated when Judge Derham Cole presided in PCR hearing after that Judge Cole had sentenced petitioner to (2) two natural life sentences without parole in a proceeding that took place (1) one year after petitioner was sentenced to (20) twenty years, suspended to (12) twelve years and (5) five years probation.

Whether petitioner's due process right was violated when prosecutor Kim Leskanic used criminal charges in an attempt to penalize a defendant's valid exercise of constitutional or statutory rights?

Whether prosecutor Kim Leskanic used false testimony against defendant at trial by way of co-defendant turned states witness?

Whether the prosecution was improperly motivated by other charges?

Whether solicitor Kim Leskanic or any other officer of the court made any deals with witnesses for defense?

Whether solicitor Kim Leskanic was bias and prejudice against petitioner in that a Family Court Judge influenced solicitor's professional duties?

Whether petitioner's Sixth Amendment right was violated when Post-conviction relief counsel was ineffective at the initial-review collateral proceedings held on February 20, 2014. Counsel Alexander Hray, Jr. denied petitioners issues that petition wanted to raise at proceeding of PCR.

Whether petitioner's rights were violated by PCR counsel failed to call key witness to testify her recanting of statements Ms. Byars made at trial, and to state the deal made by the prosecution at trial proceedings in Sept. 14, 2009.

Whether petitioner's rights were violated due to the denial of a 59(e), the petitioner requested so that the issues that were not raised, could be put on record?

Whether PCR counsel was a criminal Lawyer?

(Attachment No. 10). The South Carolina Supreme Court denied the petition for writ of certiorari and granted PCR appellate counsel's request to withdraw. (Attachment No. 11). The remittitur was issued on February 10, 2015. (Attachment No. 12).

## HABEAS ALLEGATIONS

Petitioner raises the following allegations in his petition, quoted verbatim:

**Ground One:**     DENIAL OF DEFENSE OF OTHERS JURY INSTRUCTION by the trial judge.

Supporting Facts:    Trial judge was improperly informed of the petitioner's intent by the three different testimonies co-defendant falsely stated on record that trial counsel or prosecution never corrected. Solicitor made false statements as well. Matthews v. U.S., 485 U.S. 58 (1988).

**Ground Two:**    Ineffective Assistance of Counsel.

Supporting Facts:    Counsel failed to investigate, quash that indictment of ABWIK; Counsel failed to investigate key eyewitnesses; Counsel failed to investigate the publicity and motion for a change of venue; Counsel had a conflict of interest; Counsel sided with prosecution due to conflict of interest: Cumulative Error, see Chambers v. Mississippi 410 U.S. 284 (1949); Strictland v. Washington Wigggins v. Smith 539 U.S. 510 (2003).

**Ground Three:**    Vindictive Prosecution Blackledge v. Perry 417 U.S. 21 27-28, 94.

Supporting Facts:    Deputy Solicitor inhanced the original charge three years after altercation, and no facts of the charge are different, ABHAN a misdemeanor to ABWIK most serious. This direct indictment was made when petitioner used his rights to proceed to trial instead of plea to 20 years. PCR transcript page 14-15 Blackledge v. Perry, 417 U.S. 21, 27-28, 94; U.S. v. Goodwin, 457 U.S. 368 (1982).

**Ground Four:**     PCR judge Derham Cole should have recused himself from proceedings. Abuse of discretion was used.

Supporting facts:     Judge Cole was the trial judge that sentenced petitioner with two (2) natural life sentences; Judge Cole misrepresented the petition with false statement in Dismissal; Judge Cole prevented the petitioner from testifying about the facts of Ineffective assistance of counsel by failure to investigate, which was on PCR application. Due process violation 28 U.S.C. § 144.

**Ground Five:**     Prosecutorial Misconduct.

Supporting facts:     (A) False statement was used by prosecution to limit the defense's ability to state original charge, and to request a defense of others jury instruction. T.T.pg. 31, 51, LL. 21-25, 52, LL. 1-3.
The solicitor, Kim Leskanic, prosecutor for the State of South Carolina, was subpoenaed by petitioner to appear in PCR proceedings. There, she was asked several questions. PCR-T. pg. 300, LL. 4-14. These statements prove the subordination of the deputy solicitor, which cast fraud upon the court, and deprived petitioner the opportunity to be heard, or properly request that jury instruction of Defense of others. This contradiction went uncorrected by PCR Attorney, Alexander Hray, Jr.

(B) The false testimony of petitioner's co-defendant, which turned states witness, went uncorrected throughout her testimony.  PCR-T. pg. 277, LL. 16-25, pg. 278, L.L. 1-9, by Thomas E. Shealy, trial counsel for petitioner.

Supporting Cases:     (I) Chewning v. Ford Motor Co. (II) Hilton Head Ctr. of South Carolina v. Public Service Comm'n 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987).  (III) Napue v. Illinoise 360 U.S. 264 (1959) (IV) Darden v. Wainwright, 477 U.S. 168 (1986) (V) Berger v. U.S., 295 U.S. 78 (1935)

(Petition).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can

the court  assume the existence of a genuine issue of material fact where none exists.

If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am.,

977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." <u>Id.</u> at 322; <u>see also</u> <u>Cray Communications, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994); <u>Orsi v. Kickwood</u>, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings

unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case.  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

When presented with an application for habeas relief, the first inquiry by the

court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The United States Supreme Court has clearly stated the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote:

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar, and,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues the trial judge erred in refusing to charge the jury on defense of others.  Respondent argues the claim should be dismissed because it is a matter of state law and summary judgment should be granted.

The Court finds Ground One is a matter of state law that is not cognizable in a federal habeas action.  Under § 2254, a federal court may only entertain an application for a writ of habeas corpus by a person claiming he is in custody in violation of the Constitution or laws of the United States.  See § 2254(a).  "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41(1984).  The issue of whether the trial judge properly charged the jury on defense of others only implicates state criminal law. See generally State v. Starnes, 531 S.E.2d 907 (S.C. 2000).  Therefore, Respondent is entitled to summary judgment as to Ground One because it does not raise a claim upon which this Court may grant relief.

### Ground Two (1)

In Ground Two (1), Petitioner argues trial counsel was ineffective because he failed to investigate and move to quash the indictment.  Respondent moves for

summary judgment on this claim, arguing the claim should be dismissed because the PCR judge did not make an unreasonable determination of the facts, or unreasonably apply federal law, in denying this claim.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland), reversed on other grounds, 476 U.S. 28 (1986). In order to meet the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland's prejudice prong requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional errors, the
> result of the proceeding would have been different. A
> reasonable probability is a probability sufficient to
> undermine confidence in the outcome.

Strickland, at 694.

The PCR judge found trial counsel was not ineffective for failing to move to quash the indictment because he could discern no deficiency in the indictment upon which counsel could have based an objection. (App. 315).

The Court finds the PCR judge's decision is not an unreasonable determination of the facts, nor was the decision contrary to, or an unreasonable application of, clearly established federal law. See §2254(d). In South Carolina, an indictment is a notice document, and an indictment's sufficiency depends on its effectiveness in apprising the defendant of the charge and elements for which he must answer. See State v. Gentry, 610 S.E.2d 494, 500 (S.C. 2005) ("If the objection is timely made, the circuit court should judge the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged."). Petitioner did not provide a basis upon which he believes trial counsel

should have moved to quash the indictment, and the Court finds no defect on the face of the indictment. The indictment fairly provided Petitioner with notice of the charged offense, the facts from which the charge arose, and the elements of the offense. See Gentry, supra. Petitioner failed to show trial counsel had a basis to challenge the indictment, and the PCR judge's finding that trial counsel was not ineffective is a reasonable application of the Strickland test. The Court finds Respondent is entitled to summary judgment as to Ground Two (1).

**Ground Two (2)**

In Ground Two (2), Petitioner argues trial counsel was ineffective because he failed to interview Tammy Byars. Specifically, Petitioner argues he would have pleaded guilty had trial counsel interviewed Byars and learned that she intended to testify as a witness for the State. Respondent moves for summary judgment on this claim, arguing the PCR judge did not make an unreasonable determination of the facts or unreasonably apply federal law in denying this claim.

At trial, Tammy Byars testified for the State. Byars testified that on May 27, 2006, she, along with Ricky Long and Petitioner, were looking to buy drugs. (App. 120). Petitioner and Long drove Byars to the victim's house and dropped her off for three and a half to four hours. (Id. at 119). Byars testified the victim agreed to pay Long to drive Byars to the victim's house, and she later testified she asked the victim

if he would give her money after she spent time at the victim's house.  (Id.).  Byars and victim watched a movie, drank alcohol, and had sex.  (Id. at 120).

Petitioner and Long then returned to the victim's house and asked the victim for permission to smoke marijuana in the victim's house.  (Id. at 122).  The four of them drank alcohol and smoked marijuana.  (Id. at 123-24).  Byars testified Petitioner then asked to use the victim's bathroom, but as Petitioner walked toward the bathroom, he grabbed a large wooden stick from the foyer, turned around, and struck the victim in the head with the stick at the same time the victim was leaning forward to reach for something under the couch where he was sitting.  (Id. at 126-27).  Byars testified Petitioner hit the victim in the head with the stick twice.  (Id. at 127).  Byars said no argument preceded Petitioner striking the victim, but she gave conflicting testimony about whether she, Petitioner, and the victim had a dispute about the victim providing her and Petitioner with money.  (Id. at 128, 131).  She testified that after Petitioner and Long ran out of the victim's house, she took the victim's wallet out of his jeans and fled the house too.  (Id. at 129).

At the PCR hearing, Petitioner testified he would have pleaded guilty if he had known Byars was going to testify as she did at trial.  (Id. at 302-03).

Trial counsel testified he did not interview Byars before trial.  (Id. at 272).  But, he testified the solicitor informed him that Byars was going to testify at trial to facts

that were unfavorable to Petitioner.  (Id. at 276).  He testified Petitioner's story was that he struck the victim in defense of Byars, but Byars and Long's testimony did not support Petitioner's version of the facts.  (Id. at 274).  Trial counsel testified he relayed this information to Petitioner.  (Id. at 280).  He further testified that he tried to convince Petitioner to take a plea deal offered by the State but Petitioner refused, stating, "I can't do twenty years."  (Id. at 279).  Trial counsel testified that Petitioner maintained he struck the victim to defend Byars.  (Id. at 274).

The PCR judge found Petitioner failed to show trial counsel was ineffective for failing to interview "key witnesses."  (Id. at 314).  The PCR judge specifically found Petitioner "failed to point to any specific matters Counsel failed to discover, or any defenses that could have been pursued had Counsel been more fully prepared."  (Id.).

The Court finds the PCR judge's decision is not contrary to, or an unreasonable application of, clearly established federal law.  See § 2254(d).  The PCR court found that while trial counsel acknowledged he did not interview Byars, he was aware that Byars intended to testify at trial to facts that were unfavorable to Petitioner's defense, he provided this information to Petitioner, and he discussed the risks of going to trial. The PCR court found Petitioner's testimony with regard to his allegations of ineffective assistance of counsel not credible.  The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d

320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). Therefore, Petitioner's argument that he would have pleaded guilty had he known what Byars would have testified to at trial is incredible in light of trial counsel's testimony that he warned Petitioner that Byars' testimony would be unfavorable, and that Petitioner proceeded to trial despite the warning.  Further, Petitioner failed to show any new facts trial counsel would have discovered by interviewing Byars that would have affected his decision to plead guilty or proceed to trial.  See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir.1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish that counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what

testimony the witnesses might have provided).  Accordingly, the PCR judge's finding that trial counsel was not ineffective is not an unreasonable application of the <u>Strickland</u> test, and Respondent is entitled to summary judgment on Ground Two (2).


## Ground Two (3)

In Ground Two (3), Petitioner argues trial counsel was ineffective because he failed to investigate the publicity surrounding Petitioner's case and failed to move for a change of venue.  Respondent moves for summary judgment, arguing Petitioner failed to show the PCR judge made an unreasonable determination of the facts, or an unreasonable application of federal law, in denying this claim.

Petitioner was previously convicted of criminal sexual conduct during a 2009 trial in Cherokee County.  (App. 286).  Trial counsel testified he did not recall any publicity that may have surrounded that trial, and he did not consider moving to change venues.  (<u>Id.</u> at 286-87).

The PCR judge found Petitioner failed to show trial counsel was ineffective for failing to move to change venue because Petitioner offered no evidence to demonstrate that pretrial publicity provided a basis for trial counsel to move to change venue.  (<u>Id.</u> at 315).

The Court finds the PCR judge's decision was not contrary to, or an

unreasonable application of, clearly established federal law.  <u>See</u> § 2254(d).  In South

Carolina, a party moving for a change of venue must show "actual juror prejudice" as

a result of pretrial publicity, and the decision on the motion is addressed to the sound

discretion of the trial judge.  <u>See</u> <u>State v. Manning</u>, 495 S.E.2d 191, 194 (S.C. 1997)

("[T]he relevant question is not whether the community remembered the case, but

whether the jurors . . . had such fixed opinions that they could not judge impartially

the guilt of the defendant.") (quoting <u>State v. Tucker</u>, 478 S.E.2d 260, 266 (S.C.

1996)).  Petitioner provided no evidence that jurors in his trial were incapable of

impartiality.  Therefore, Petitioner failed to show trial counsel was ineffective because

he provided no basis upon which trial counsel could have moved to change venues.

Accordingly, the PCR judge's finding that trial counsel was not ineffective was not

an unreasonable application of the <u>Strickland</u> test, and Respondent is entitled to

summary judgment as to Ground Two (3).

**<u>Ground Two (4)</u>**

In Ground Two (4), Petitioner argues trial counsel was ineffective because he

had a conflict of interest.  Respondent moves for summary judgment, arguing this

claim is procedurally barred.  The Court agrees and finds this claim is procedurally

barred because it was not raised to and ruled on by the PCR judge, and therefore, the

claim was barred from consideration on appeal by independent and adequate state

procedural rules.  See Smith v. Murray, 477 U.S. at 533; see also Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating issue not preserved for review where it was neither raised to nor ruled on by the PCR judge).

However, in his response to Respondent's summary judgment motion, Petitioner asks the Court to excuse the procedural bar pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012).  Specifically, Petitioner argues PCR counsel's ineffectiveness in failing to amend his PCR application to include this claim for relief is cause to excuse the procedural bar.

In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural bar of a claim of ineffectiveness of trial counsel. Martinez, 132 S.Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that:

> [w]e . . . read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral

> review proceeding; (3) the state collateral review
> proceeding was the "initial" review proceeding in respect
> to the "ineffective-assistance-of-trial-counsel claim"; and
> (4) state law requires that an "ineffective assistance of trial
> counsel [claim] . . . be raised in an initial-review collateral
> proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S.Ct. at

1318–19, 1320–21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012)

(summarizing the Martinez test to require the following: "a reviewing court must

determine whether the petitioner's attorney in the first collateral proceeding was

ineffective under Strickland, whether the petitioner's claim of ineffective assistance

of trial counsel is substantial, and whether there is prejudice").

　　To establish cause under Martinez, Petitioner must demonstrate (1) that his

PCR counsel was ineffective under Strickland and (2) that "the underlying

ineffective-assistance-of-trial-counsel claim is a substantial one." Martinez, 132 S.Ct.

at 1318. Therefore, Petitioner must show that PCR counsel's failure to raise this issue

at PCR or to file a Rule 59(e) motion was "objectively unreasonable, and that, but for

his errors, there is a reasonable probability that Petitioner would have received relief

on a claim of ineffective assistance of trial counsel in the state post-conviction

matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391,

120 S. Ct. 1495 (2000) (stating that "the Strickland test provides sufficient guidance

for resolving virtually all ineffective assistance-of-counsel claims"); Strickland, 466

U.S. at 687 (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner fails to demonstrate that his claim is substantial, or that he was prejudiced by PCR counsel's allegedly deficient representation. Petitioner claims the conflict of interest in this case arose from the fact that trial counsel was friends with a family court judge who knew a victim in a separate criminal case in which Petitioner was a defendant. The attenuated set of relationships described by Petitioner do not constitute a conflict of interest. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."); Thomas v. State, 551 S.E.2d 254, 256 (S.C. 2001) ("An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendant's."). Therefore, Petitioner's conflict of interest claim was not substantial. See Martinez, 132 S. Ct. at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). Also, Petitioner fails

to explain how trial counsel's allegedly deficient representation was prejudicial to his defense.  See Martinez, supra.  Accordingly, Respondent is entitled to summary judgment as to Ground Two (4) because the claim is procedurally barred and the Court declines to find cause to excuse the procedural bar.

**Ground Two (5)**

In Ground Two (5), Petitioner alleges, very simply, "cumulative error." Respondent moves for summary judgment on this claim, arguing the claim is procedurally barred, and regardless, the claim is without merit.

The Court agrees that Petitioner's cumulative error argument is procedurally barred because it was not raised to and ruled on by the PCR judge, or raised to the South Carolina Supreme Court on appeal, and therefore, the claim is barred on independent and adequate state procedural rules.  See Smith v. Murray, 477 U.S. at 533; see also Plyler, 424 S.E.2d at 478; McCray v. State, 455 S.E.2d 686, n.1 (S.C. 1995) (stating issues not raised in a petition for a writ of certiorari from the denial of a petitioner's PCR application are not preserved for appellate review).

Regardless, the Fourth Circuit has specifically refused to recognize the cumulative error doctrine.  See Fisher v. Angelone, 163 F.3d 835 (4th Cir. 1998) (stating that ineffective assistance of counsel claims must be reviewed individually, rather than collectively).  Accordingly, Petitioner's claim is without merit, and

Respondent is entitled to summary judgment on this claim.

## Ground Three

In Ground Three, Petitioner argues he was the subject of vindictive prosecution because the solicitor enhanced his charge from assault and battery of a high and aggravated nature (ABHAN) to ABWIK to punish Petitioner for exercising his right to a jury trial. Respondent moves for summary judgment on this claim, arguing the claim is procedurally barred. The Court agrees, and finds this claim is procedurally barred because it was not raised to and ruled on by the PCR judge. See Smith v. Murray, 477 U.S. at 533; see also Plyler, 424 S.E.2d at 478.[3]

## Ground Four

In Ground Four, Petitioner argues Judge Cole should have recused himself from Petitioner's PCR proceeding because he was also the trial judge, he made false statements in the order of dismissal, and he prevented Petitioner from testifying about trial counsel's failure to investigate.[4] Respondent moves for summary judgment on this claim, arguing it fails to state a claim upon which relief may be granted. The

_____

[3] As to Ground Three, Petitioner does not demonstrate cause to excuse the procedural bar, or actual prejudice or a fundamental miscarriage of justice resulting from the procedural bar. See Smith v. Murray, 477 U.S. at 533. Further, any attempt to argue the procedural default should be excused pursuant to Martinez would fail as Martinez is not applicable since this allegation is not a claim of ineffective assistance of trial counsel.

[4] As detailed above under "Procedural History," Judge Cole presided over Petitioner's PCR hearing. Judge Hayes presided over Petitioner's criminal trial.

Court agrees. Petitioner's claim alleges an error in Petitioner's state collateral review proceeding. Such claims are not cognizable in federal habeas corpus actions. See See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.") (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)). Accordingly, Respondent is entitled to summary judgment as to Ground Four because Petitioner fails to state a claim upon which the Court may grant relief.

**Ground Five**

In Ground Five, Petitioner alleges prosecutorial misconduct as a result of the solicitor's use of false testimony by Byars. Respondent moves for summary judgment on this claim, arguing the claim is procedurally barred. The Court agrees the claim is procedurally barred because it was not raised to and ruled on by the PCR judge, and therefore, the claim was barred from consideration on appeal by independent and adequate state procedural rules. See Smith v. Murray, 477 U.S. at 533; see also Plyler, 424 S.E.2d at 478.[5] Accordingly, Respondent is entitled to summary judgment as to

_____

[5] As to Ground Five, Petitioner does not demonstrate cause to excuse the procedural bar, or actual prejudice or a fundamental miscarriage of justice resulting from the procedural bar. See Smith v. Murray, 477 U.S. at 533. Further, any attempt to argue the procedural default should be excused pursuant to Martinez would fail as Martinez is not applicable since this

Ground Five.

## **CONCLUSION**

As set out above, a review of the record indicates the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #11) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 20, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

---

allegation is not a claim of ineffective assistance of trial counsel.