UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Scott Jones, #336980, | Civil Action No.: 4:15-01401-BHH |
| Petitioner, | |
| vs. | **Opinion and Order** |
| Joseph McFadden, Warden, | |
| Respondent. | |

Petitioner, Donald Scott Jones, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III,, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 20.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On January 20, 2016, the Magistrate Judge issued a Report; and on February 8, 2016, Petitioner filed his Objections. (ECF No. 22.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The

1

Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that Grounds Two (4), Two (5), Three, and Five are procedurally barred and the Court agrees. In his thorough thirty-page Report, the Magistrate Judge found that Petitioner had failed to show cause for his procedural default because he could not show that the claims were substantial and had not demonstrated prejudice. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–21 (2012);

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

*Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with the Magistrate Judge's thoughtful and comprehensive discussion of these claims and, therefore, is unable to review Grounds Two (4), Two (5), Three, and Five under § 2254.

The Court further agrees with the Magistrate Judge's finding that Grounds One and Four fail to state a cognizable § 2254 claim. Ground One alleges that the trial judge erred in refusing to charge the jury on defense of others. (ECF No. 1 at 5.) As the Magistrate Judge correctly stated, "[t]he issue of whether the trial judge properly charged the jury on defense of others only implicates state criminal law," and therefore, "is a matter of state law that is not cognizable in a federal habeas action." (ECF No. 20 at 15.) Ground Four alleges that PCR Judge Derham Cole should have recused himself from Petitioner's PCR proceeding because he was also the trial judge, he made false statements in the order of dismissal, and he prevented Petitioner from testifying about trial counsel's failure to investigate. (ECF No. 1 at 10.) As the Magistrate Judge correctly noted, allegations of "error in Petitioner's state collateral review proceeding" are "not cognizable in habeas corpus actions." (*Id.* at 29 (citing *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.")).)

Finally, the Court agrees with the Magistrate Judge's finding that Grounds Two (1), Two (2), and Two (3) fail on their merits. These claims allege ineffective assistance of trial counsel. (ECF No. 1 at 7.) The Magistrate Judge thoroughly discussed the state

court's treatment of these claims and correctly concluded that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 20 at 15–23.)

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. According the requisite liberal construction, the Court finds that certain portions of Petitioner's filing raise specific objections and thus invoke *de novo* review, which the Court has conducted. Petitioner first objects that the Magistrate Judge did not include all of Petitioner's "claims and issues" when summarizing the procedural history of this case; specifically, in the "PCR Appeal" section. (ECF No. 22 at 1–5.) Here, Petitioner references his *pro se* response to his PCR counsel's *Johnson* petition, and argues that the Magistrate omitted "his claim of prosecutorial misconduct" as set forth on "page 10, paragraph 4 and 5." (*Id.* at 2.) The Magistrate Judge quoted verbatim the issues as stated by Petitioner in his response. (ECF No. 20 at 4–6.) Petitioner appears to assert that the Magistrate should also have mentioned the factual statement portions of his response. His "claim of prosecutorial misconduct," as cited by Petitioner, is included in the "Statement" section under one of Petitioner's ineffective assistance of counsel claims. (ECF No. 10-10 at 12–13.) The Court finds that the Magistrate Judge had no reason to discuss Petitioner's response beyond the issues expressly raised within, and further finds no error in his summary of the procedural history. This objection is therefore overruled.

Petitioner next objects that the Magistrate Judge erred in finding that Ground Three is procedurally barred. (ECF No. 22 at 8–11.) Ground Three alleges that

4

Petitioner was the subject of vindictive prosecution because the solicitor enhanced his charge from assault and battery of high aggravated nature ("ABHAN") to assault and battery with intent to kill ("ABWIK") to punish Petitioner for exercising his right to a jury trial. (ECF No. 1 at 8.) Petitioner now claims that he has "new evidence" and asserts "actual innocence from the charge of assault and battery with intent to kill." (ECF No. 22 at 9–10.) However, it is unclear what "new evidence" Petitioner proffers. Petitioner appears to contend that his June 10, 2013 letter to his PCR counsel requesting that counsel amend Petitioner's PCR application constitutes new evidence. (Id. at 9; ECF No. 17-2 at 3–9.) The Court does not believe this letter constitutes reliable new evidence. *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995) (finding that a claim of actual innocence must be supported "with new reliable evidence"). Regardless, Petitioner's actual innocence claim fails because he has not established that, "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006); *see Schlup*, 513 U.S. at 324–27 (finding that, in addition to introducing new reliable evidence, a petitioner's claim of actual innocence "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence"). Accordingly, the Court finds that Ground Three is procedurally barred and overrules this objection.

Finally, Petitioner objects that the Magistrate Judge erred in describing the allegations raised in Ground Five and again claims actual innocence. (ECF No. 22 at 13.) Ground Five alleges prosecutorial misconduct as a result of the solicitor's use of purportedly false testimony by Tammy Byars.[2] (ECF No. 1-1 at 1.) Here, Petitioner asserts that "the solicitor's misrepresentation was again left out" and states that he has

---

[2] Tammy Byars testified for the State at Petitioner's trial. (See ECF No. 10-1 at 117–145.)

5

new evidence in the form of an attachment to his petition titled "Prosecutorial Misconduct." (ECF Nos. 22 at 13; 1-1 at 1.) Petitioner relies on this "new evidence" to again assert actual innocence of the ABWIK charge. (ECF No. 22 at 13–18.) Contrary to Petitioner's assertions, the Magistrate Judge quoted the referenced attachment verbatim under Ground Five. (ECF No. 20 at 8–9.) It is unclear what else the Magistrate Judge should have mentioned here other than what was directly stated in the petition under Ground Five—the Court can find no error in this respect.

As to the actual innocence claim, the Court does not believe that the referenced attachment to the petition constitutes reliable new evidence. *Schlup*, 513 U.S. at 324–27. Regardless, this claim fails because Petitioner has not established that, "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 at 538; *see Schlup*, 513 U.S. at 324–27. Accordingly, the Court finds that Ground Five is procedurally barred and overrules this objection.

Petitioner's remaining objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's remaining objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons

6

stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 11) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice.*

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 3, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

7

8

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4:15-cv-01401-BHH     Date Filed 03/03/16    Entry Number 24    Page 8 of 8